Charles Ray THOMAS *v.* FARM BUREAU
INSURANCE COMPANY OF ARKANSAS, INC.

85-128                                      698 S.W.2d 508

Supreme Court of Arkansas
Opinion delivered November 12, 1985

314

*House, Wallace, Nelson & Jewell, P.A.*, by: *Janice M. Wegener* and *David A. Couch*, for appellant.

*Hardin, Jesson & Dawson*, for appellee.

DARRELL HICKMAN, Justice. Charles Ray Thomas insured his 1970 John Deere combine with Farm Bureau on October 2, 1981. It was destroyed by fire the next day. After Farm Bureau refused Thomas' claim, Thomas sued the company for the loss of the combine and included a claim for the tort of bad faith. The two claims were presented to the jury separately. The jury awarded Thomas $15,000 for the combine but found in Farm Bureau's favor on the bad faith claim. We reverse because during the bad faith phase of the trial, the court refused to allow evidence that Farm Bureau violated the Arson Reporting-Immunity Act. Ark. Stat. Ann. § 66-5601 et seq. (Supp. 1985).

After Thomas' loss was reported, Farm Bureau's mechanical engineer investigated the fire. It was his opinion that Thomas had not been truthful about the circumstances of the fire. About a month later Farm Bureau offered Thomas $11,000 in settlement, which Thomas refused. In November the insurance company sent State Trooper David Dillinger to investigate. He was given Thomas' file. Dillinger testified that he was told by Farm Bureau's agent "to go out there and scare the people so they would settle." Dillinger stated in his deposition, which was read to the jury, that "it wasn't so much an investigation as a mission of intimidation . . ." Dillinger found no evidence of arson. Thomas filed suit in December of 1981 to recover the cost of the combine. It was not until some months later that he amended his complaint to allege bad faith. In January of 1982 Thomas wrote to Diane Rail, an investigator with the Consumer Service Division of the Arkansas Insurance Department, complaining about Farm Bureau's failure to pay his claim. It is Diane Rail's testimony which was proffered but erroneously excluded at trial.

She testified that she wrote Farm Bureau three times and asked if they had complied with the Arson Reporting-Immunity Act. Farm Bureau responded each time but did not answer the

question until their third reply on March 26, 1982. They stated in that letter that they had complied with the statute. Farm Bureau did notify the state police in writing on that date.

■ Ark. Stat. Ann. § 66-5603(b) (1) requires that when an insurer has reason to believe that a fire loss may be of other than accidental causes, the insurer shall, in writing, notify an authorized agency. At the time of this action, § 66-5603(2) required any insurer that provided information to such agency to notify its insured in writing of such action within 30 days.[1]

In violation of the above provisions, Farm Bureau orally contacted the state police, turned over their file on Thomas, and asked for investigation in November of 1981, without written notice to Thomas. We agree with Thomas' contention that in this case Diane Rail should have been allowed to testify, and the jury should have been given the instructions that Thomas proffered which set out the requirements of the Arson Reporting-Immunity Act.

■■ There was evidence that Farm Bureau considered this fire to be an act of arson and had a state trooper investigate. That evidence makes the violation of the Arson Reporting-Immunity Act relevant. If Farm Bureau had honestly believed Thomas guilty of arson, it should have complied with the statute. If it did not believe the circumstances of the fire were suspicious, then sending a policeman to investigate in violation of the statute is certainly relevant to whether it was acting in bad faith. To support a claim of bad faith there must be affirmative dishonest, malicious, or oppressive misconduct by the insurance company, without a good faith defense. *Aetna Casualty & Surety Co.* v. *Broadway Arms Corp.*, 281 Ark. 128, 664 S.W.2d 463 (1983). Farm Bureau's violation of the statute is relevant to whether it was guilty of that sort of misconduct. Therefore, Diane Rail should have been allowed to testify and the proffered instructions should have been given.

■ Thomas' other points are meritless. He argues that the state trooper should have been allowed to give his opinion as to

---

[1] Section 66-5603 (2) was amended in 1983 so that the insurer has 90 days instead of 30 days to notify the insured of its action. Act 415 of 1983 §1.

why he was sent to investigate the fire. All the evidence Thomas sought to have admitted in that regard got before the jury as reflected by our synopsis of his testimony. Thomas also contends that it was error to refuse his instruction on missing evidence. At trial Thomas tried to establish that the insurance adjustor's file on his case was lost. He argued that the jury should have been instructed that since Farm Bureau failed to produce the file, there was a presumption that information in the file would support his claim for bad faith. The rule of law he is referring to is as follows:

> Failure of a party to produce a written instrument upon which he relies or which would tend to establish an issue of fact, when within his power to do so, creates a presumption that its production would disprove his contention. *Corn* v. *Arkansas Warehouse Corp.*, 243 Ark. 130, 419 S.W.2d 316 (1967).

Here Farm Bureau is not the party relying on the file to prove an issue; therefore, the rule does not apply. The presumption only arises where the party relying on the instrument has possession of the instrument and fails to produce it.

Reversed and remanded.

PURTLE, J., not participating.